FILED
2023 Sep-19  PM 04:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

MONTEZ VANTARUS SPRADLEY,  ]
                                  ]
    **Movant,**                  ]
                                    ]
**v.**                                   ]     **Case No.: 7:22-cv-8006-ACA**
                                    ]
**UNITED STATES OF AMERICA**   ]
                                    ]
    **Respondent.**          ]

## MEMORANDUM OPINION AND ORDER

Movant Montez Vantarus Spradley, proceeding *pro se*, filed this motion to vacate his sentence under 28 U.S.C. § 2255, contending that he received ineffective assistance of counsel during his suppression proceedings ("Ground One"), his sentencing ("Grounds Two and Three"), and on appeal ("Ground Four"). After reviewing the government's response (docs. 8, 21), the court appointed counsel for Mr. Spradley and allowed additional briefing (docs. 22, 23). Mr. Spradley has also filed *pro se* motions for an evidentiary hearing (doc. 13), to admit an unpublished Sixth Circuit decision as an exhibit (doc. 34), and to supplement his § 2255 motion with additional argument relating to Ground Three (doc. 35).

The court now **DENIES IN PART** the § 2255 motion with respect to Grounds One, Two, and Four; **DEFERS RULING** on Ground Three and **GRANTS** the motion for a hearing; **DENIES** the motion to admit the unpublished Sixth Circuit

decision as moot because court decisions are not evidence that must be admitted into the record; and **DENIES** the motion to supplement the § 2255 motion with additional argument because Mr. Spradley is counseled.

## I.   BACKGROUND

### 1.  Proceedings in Criminal Case

On March 26, 2019, police officers responded to Mr. Spradley's girlfriend's apartment after receiving a 911 call reporting that Mr. Spradley had struck his girlfriend (referred to as "A.C.") with a pistol. *United States v. Spradley*, case no. 7:19-cr-257-ACA-SGC-1, doc. 59 at 16 (N.D. Ala. July 30, 2019).[1] In the closet of the master bedroom an officer found a pistol with six bullets in the magazine. (*Id.* at 16–17). The officers arrested Mr. Spradley for felony domestic violence and, after searching him, found in his pocket another magazine loaded with six bullets. (*Id.* at 17). By the time of this incident, Mr. Spradley had already been convicted of five felonies under Alabama law: (1) a 2004 conviction for second degree assault; (2) a 2013 conviction for felony murder; (3) a 2013 conviction for intimidating a witness; (4) a 2017 conviction for unlawful possession of a controlled substance with the intent to distribute; and (5) a 2017 conviction for unlawful possession of a controlled substance. (*Spradley* doc. 59 at 19; *see also Spradley* doc. 48 at 13–17).

---

[1] The court will refer to any documents filed in Mr. Spradley's underlying criminal case as "*Spradley* doc. ___." The court will refer to any documents filed under this case number as "doc. __."

After a jury indicted Mr. Spradley for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g) (*Spradley* doc. 1), Mr. Spradley moved to suppress the firearm and ammunition found in the closet on the ground that the officers never obtained consent to search A.C.'s apartment (*Spradley* doc. 9). A magistrate judge held a suppression hearing (*Spradley* doc. 58), then entered a report recommending that the court deny the motion. (*Spradley* doc. 18). Relying on the uncontroverted testimony of the officers as well as bodycam footage, the magistrate judge recommended finding that the officers had A.C.'s implied and express consent to search her apartment. (*Id.* at 2–4, 8–14). The magistrate judge informed Mr. Spradley that he could file specific written objections within fourteen days and that a failure to object "waives the right to challenge on appeal those same conclusions adopted in the district court's order." (*Id.* at 15).

Mr. Spradley (who was counseled) objected to the report and recommendation but did not provide any specific reasons for his objection. (*Spradley* doc. 22). Instead, he generally asked the court "to review the [d]enial of the [m]otion to [s]uppress." (*Id.*). Despite his failure to articulate specific objections, the court reviewed the report and recommendation *de novo* and, finding no error, adopted the report, accepted the recommendation, and denied the motion to suppress. (*Spradley* doc. 25 at 1–2).

While the motion to suppress was pending, the grand jury issued a superseding indictment charging Mr. Spradley with the same felon in possession charge, but also charging him with being an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (*Spradley* doc. 19). Mr. Spradley pleaded guilty without a plea agreement. (*Spradley* doc. 59 at 15).

At the time of Mr. Spradley's offense and sentencing, a conviction for being a felon in possession of a firearm carried a maximum sentence of ten years' imprisonment, 18 U.S.C. § 924(a)(2) (2018), but if the defendant qualified as an armed career criminal, the statutory minimum increased to fifteen years' imprisonment, *id.* § 924(e)(1) (2018). The presentence investigation report recommended finding that Mr. Spradley was an armed career criminal because three of his five felony convictions qualified as either violent felonies or serious drug offenses. (*Spradley* doc. 48 at 8 ¶ 24). Specifically, the PSR recommended finding that Mr. Spradley's 2003 conviction for second degree assault was a violent felony, his 2006 conviction for felony murder was a violent felony, and his 2017 conviction for unlawful possession with intent to distribute a controlled substance was a serious drug offense. (*Id.* at 11–13 ¶ 33, 14–16 ¶ 36, 16–17 ¶ 37).

Under United States Sentencing Guidelines § 2K2.1(a)(2), the probation officer recommended a base offense level of 24 because Mr. Spradley committed the offense after sustaining at least two felony convictions of either a crime of

violence or a controlled substance offense. (*Id.* at 7–8 ¶ 18). The probation officer also recommended application of a four-level increase under § 2K2.1(b)(6)(B) for possessing the firearm in connection with another felony offense, and application of a three-level decrease for acceptance of responsibility under U.S.S.G. § 3E1.1, for a total offense level of 25. (*Id.* at 8 ¶ 19, 9 ¶¶ 25–26). The probation officer recommended finding that Mr. Spradley had a criminal history category of V. (*Spradley* doc. 48 at 18 ¶ 42). With a total offense level of 25 and a criminal history category of V, Mr. Spradley's advisory guidelines range would have been 100 to 125 months' imprisonment, with the higher end reduced to 120 months in light of the statutory maximum. *See* U.S.S.G. § 5G1.1(a) (2018); 18 U.S.C. § 924(a) (2018).

However, the probation officer also recommended finding that Mr. Spradley was an armed career criminal, displacing the otherwise-applicable offense level and criminal history category. (*Spradley* doc. 48 at 8–9 ¶ 24). As an armed career criminal, Mr. Spradley's base offense level was 34, subject to a three-level reduction for acceptance of responsibility, resulting in a total offense level of 31 and a criminal history category of VI. (*Id.* at 8–9 ¶¶ 24–27, 18 ¶ 43). The advisory guidelines range was 188 to 235 months' imprisonment and, because of the enhancement, the maximum of ten years' imprisonment became a minimum of fifteen years' imprisonment (*Id.* at 25 ¶¶ 79–80).

At the sentencing hearing, Mr. Spradley objected to two factual issues in the PSR but not to the guidelines calculations or the recommendation to find that he was an armed career criminal. (*Spradley* doc. 60 at 4–5). The court sustained Mr. Spradley's two factual objections and otherwise adopted the PSR. (*Id.*). Trial counsel then called three witnesses to speak on Mr. Spradley's behalf. (*Id.* at 6–22). One witness testified about Mr. Spradley's difficult childhood and struggles with his mental health and substance abuse. (*Id.* at 6–12). Another witness was Anna Arceneaux, who had represented Mr. Spradley during capital murder proceedings that preceded his guilty plea to felony murder. (*Spradley* doc. 60 at 12–17). She described the weakness of the evidence in the capital murder case and barriers to her organization's efforts to help Mr. Spradley with post-incarceration reintegration into society. (*Id.* at 13–15).

The third witness was Richard Jaffe, Mr. Spradley's state court trial counsel. (*Id.* at 17–22). He, too, described the problems with the State's evidence in the capital murder case. (*Id.* at 19–20). He stated that, because Mr. Spradley was facing a twenty-year sentence in an unrelated case, "it wasn't worth a gamble [to try a capital case] when  you could get a plea for concurrent time with the understanding that he's going to do, I don't know, another—and I forgot, 14 months, or whatever it was, minimum months in exchange for an Alford plea." (*Spradley* doc. 60 at 20). He acknowledged that Alabama does not permit "nolo pleas . . . but Alford pleas do

occasionally occur." (*Id.*). According to Mr. Jaffe, the state court initially rejected Mr. Spradley's attempt to make an Alford plea, but when the defense indicated it would go to trial, the court permitted the plea. (*Id.*).

This court ultimately sentenced Mr. Spradley to 235 months' imprisonment, at the high end of the advisory guidelines range. (*Id.* at 36; *Spradley* doc. 49 at 2). Mr. Spradley appealed only the denial of his motion to suppress. *United States v. Spradley*, 828 F. App'x 679 (11th Cir. 2020). The Eleventh Circuit affirmed, explaining that Mr. Spradley's failure to file specific objections to the report and recommendation constituted abandonment of any challenge to the findings and conclusions of law on which the court relied. *Id.* at 681.

2. Proceedings in § 2255 Case

In response to Mr. Spradley's argument that he does not qualify as an armed career criminal, the government has submitted state court documents relating to his state convictions for felony murder and unlawful possession with intent to distribute a controlled substance. (Docs. 8-1, 8-2). The court may only consider evidence relating to his convictions in limited circumstances. *See United States v. Gandy*, 917 F.3d 1333, 1339 (11th Cir. 2019). In the interest of completeness, the court will describe that evidence, but the court emphasizes that its description of the evidence does not imply that the court finds consideration of the evidence appropriate.

### a. *Unlawful Possession with Intent to Distribute a Controlled Substance*

Mr. Spradley was charged with unlawful possession with intent to distribute a controlled substance, in violation of Alabama Code § 13A-12-211(c). (Doc. 8-2 at 14). He pleaded guilty and received a 104-month sentence.[2] (*Id.* at 6, 20). Violation of § 13A-12-211(c) is a Class B felony. Ala. Code § 13A-12-211(d). Class B felonies have a statutory sentencing range of two to twenty years' imprisonment. *Id.* § 13A-5-6(a)(2). But under Alabama's presumptive sentencing scheme, his maximum sentence was 104 months absent an aggravating factor either proved to a jury beyond a reasonable doubt or admitted by the defendant. (Doc. 8-2 at 9); *see United States v. Gardner*, 34 F.4th 1283, 1287–88 (11th Cir. 2022) (describing Alabama's presumptive sentencing scheme). The state court sentenced Mr. Spradley to the presumptive maximum of 104 months' imprisonment. (Doc. 8-2 at 6).

### b. *Felony Murder*

A grand jury charged Mr. Spradley with capital murder, under Alabama Code § 13A-5-40(a)(2), for committing murder during a first degree robbery or attempted first degree robbery. (Doc. 8-1 at 96). The state court sentenced Mr. Spradley to death over the jury's recommendation of life imprisonment. *Spradley v. State*, 128

---

[2] For each of Mr. Spradley's convictions, the government submits a "case action summary" instead of a judgment. (Doc. 8-1 at 82; doc. 8-2 at 6). Mr. Spradley does not dispute that the "case action summaries" operate as judgments under Alabama law. (*See, e.g.*, doc. 33).

So. 3d 774, 777 (Ala. Crim. App. 2011). The Alabama Court of Criminal Appeals

reversed Mr. Spradley's conviction and sentence. *Id.* at 797.

On remand, Mr. Spradley pleaded guilty to felony murder. (*See* doc. 21-1 at

10). At his change of plea hearing, the State described the factual basis for the felony

murder charge and a charge of intimidating a witness:

> [O]n January 9, 2004, the victim in this case, Marlene Jason, had
> returned home from shopping and was in her driveway. Sometime later
> a witness drove by, found Ms. Jason in the street, her car was still
> running at that time. About 8:30 that evening, one of her credit cards
> was used. No one was identified using that credit card at that point. A
> couple of days later, a credit card is used once again, and witnesses are
> talked to, one of which turned out to be Antonio Atkins. He indicated
> that Montez Spradley had the card and wanted to buy gas for people.
> Detectives talked to Mr. Spradley. He denied knowledge of the card,
> and then he admitted that, yeah, he had them, but he got them from
> another fellow. At that point, Alisha Booker was talked to by the
> Sheriff's Office, and she indicated that she had a relationship with
> Mr. Spradley and that he had, in fact, told her that he had killed the lady
> and gotten her credit card. While the investigation was going on,
> Mr. Spradley saw Ms. Booker with one of the investigators, and then at
> that point started threatening her, indicating "You are going to send me
> to prison. I will kill you!" While he was in jail for that, for that
> intimidating charge, Your Honor, the State came across a witness by
> the name of Matthew Bryant, who indicated to him that—or indicated
> to police that Montez Spradley had told Mr. Bryant that he had, in fact,
> killed the lady and got mad because all she had was credit cards; the
> lady in Center Point.

(*Id.* at 10–11).

The state court stated that the court understood Mr. Spradley was entering "an

offered plea, meaning that it's in your best interest to plead guilty." (*Id.* at 11).

Mr. Spradley agreed. (*Id.* at 12). The court and Mr. Spradley then had this exchange:

| THE COURT: | Okay, so I'm not going to necessarily ask you do you agree with all of the facts that [the State] just read, but I will ask you, do you believe that there is a sufficient basis, or an adequate basis under the law, and do you believe it's in your best interest to plead guilty. Is that right? |
| THE DEFENDANT: | Yes, sir, Your Honor. |
| THE COURT: | Okay. And that the State could present facts beyond a reasonable doubt—not that they would or that you are agreeing to all of it, but that they could present facts beyond a reasonable doubt, and you believe it's in your best interest to enter this plea. |
| THE DEFENDANT: | Yes, sir, Your Honor. |

(Doc. 21-1 at 12).

Mr. Spradley's judgment states that he pleaded guilty to "felony murder, in violation of Section ___ of the Alabama Criminal Code, 1975, as charged [ ] in the indictment [X] in the indictment as amended by agreement of the parties." (Doc. 8-1 at 82).

## II.   DISCUSSION

Mr. Spradley raises four grounds for relief: (1) trial counsel was ineffective for failing to file objections to the magistrate judge's report recommending that the court deny his motion to suppress evidence; (2) trial counsel was ineffective for failing to object to the use of his Alabama conviction for possession with intent to distribute heroin as an ACCA predicate; (3) trial counsel was ineffective for failing to object to the use of his Alabama felony murder conviction as an ACCA predicate;

and (4) appellate counsel was ineffective for "fail[ing] to present a reviewable claim" and for failing to file a reply brief. (Doc. 1 at 3–6). The government contends that each of these claims is meritless. (Doc. 8).

To prevail on a claim of ineffective assistance of counsel, Mr. Spradley must demonstrate both that (1) his counsel's performance fell below an objective standard of reasonableness and (2) he suffered prejudice because of that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687–91 (1984). To show deficient performance, the movant "must show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Griffith v. United States*, 871 F.3d 1321, 1329 (11th Cir. 2017) (quotation marks omitted). To establish prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. This standard applies to claims of ineffective assistance of appellate counsel as well as ineffective assistance of trial counsel. *Brooks v. Comm'r, Ala. Dep't of Corr.*, 719 F.3d 1292, 1300 (11th Cir. 2013).

1. <u>Ground One</u>

In Ground One, Mr. Spradley asserts that trial counsel was ineffective because he did not object to the magistrate judge's report recommending the court deny his

motion to suppress evidence. (Doc. 1 at 3). He does not, however, proffer what objections trial counsel should have made. (*See id.* at 3; doc. 12 at 1).

A movant seeking relief under § 2255 must provide more than conclusory allegations of ineffective assistance. Rules Governing § 2254 Cases, Rule 2(b)(2) ("The motion must . . . state the facts supporting each ground . . . ."); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *cf Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) ("A petitioner need only allege—not prove—reasonably specific, non-conclusory facts that, if true, would entitle him to relief.") (cleaned up). This ground is the epitome of a conclusory allegation of ineffective assistance. Without some allegation of the basis for a meritorious objection to the report and recommendation, the court cannot find that trial counsel's failure to file unspecified objections constituted deficient performance or that any deficiency prejudiced Mr. Spradley. Accordingly, Ground One does not set forth any basis for relief under § 2255.

## 2.  Grounds Two and Three

When Mr. Spradley was convicted in this case, a defendant convicted of being a felon in possession of a firearm faced a maximum sentence of ten years' imprisonment.[3] 18 U.S.C. § 924(a)(2) (2018). But that ten-year maximum would

---

[3] In 2022, Congress amended § 924(a) so that a defendant convicted of being a felon in possession of a firearm faces a maximum of fifteen years' imprisonment. 18 U.S.C. § 824(a)(8), Pub. L. 117-159, 136 Stat 1313 (June 25, 2022).

become a fifteen-year minimum if the defendant had "three previous convictions . . . for a violent felony or a serious drug offense." *Id.* § 924(e). Mr. Spradley's presentence investigation report recommended finding that Mr. Spradley's previous felony convictions for second degree assault, felony murder, and unlawful possession with intent to distribute a controlled substance counted as predicate offenses for ACCA purposes. (*Spradley* doc. 48 at 11–17). Mr. Spradley did not object to that recommendation and, at the sentencing hearing, the court adopted the recommendation. (*Spradley* doc. 60 at 4–5). Mr. Spradley now asserts that trial counsel was ineffective for failing to object to the use of the unlawful possession conviction as a "serious drug offense" and the use of the felony murder conviction as a "violent felony." (Doc. 1 at 4–5; doc. 12 at 1–2).

     *a. Ground Two*

This ground relates specifically to whether Mr. Spradley's previous felony conviction for unlawful possession with intent to distribute a controlled substance counts as a "serious drug offense" for ACCA purposes. (Doc. 1 at 4). As relevant to this case, a "serious drug offense" is "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . , for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Mr. Spradley's only argument for why this conviction does not qualify is that the state statutory

maximum sentence was less than ten years because Alabama's presumptive sentencing scheme limited the allowable punishment to 104 months' imprisonment. (Doc. 1 at 4; doc. 12 at 2).

To determine whether a state conviction is subject to a maximum term of imprisonment of ten years or more, the court must "look to the maximum sentence for the offense category and not to the particular sentence the defendant received or to the particular facts of the defendant's crime." *Gardner*, 34 F.4th at 1286–87. Mr. Spradley pleaded guilty to possession of a controlled substance with intent to distribute, in violation of Alabama Code § 13A-12-211(c). (Doc. 82-2 at 6, 14). Violations of § 13A-12-211 are Class B felonies. Ala. Code § 13A-12-211(d). And Alabama law permits sentences of up to twenty years for Class B felonies. *Id.* § 13A-5-6(a)(2).

Mr. Spradley's presumptive sentencing range being limited to 104 months does not change the fact that the maximum sentence exceeds ten years. Because "Alabama law provides for upward departures, the high end of the sentencing range the state court calculated for [Mr. Spradley] using Alabama's presumptive sentencing standards simply is not the 'maximum' prison term for purposes of the ACCA's definition of a 'serious drug offense.'" *Gardner*, 34 F.4th at 1289. Accordingly, Mr. Spradley's conviction under § 13A-12-211(c) was a "serious drug offense" as defined by the ACCA. *See* 18 U.S.C. § 924(e)(2)(A)(ii).

Trial counsel does not perform deficiently by failing to make a meritless objection to the PSR, nor could raising the objection to this conviction have changed the outcome of Mr. Spradley's sentencing. *See Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994) ("[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance."). Accordingly, this ground does not warrant relief under § 2255.

   *a. Ground Three*

This ground relates to whether Mr. Spradley's conviction for felony murder counts as a "violent felony" for ACCA purposes. (Doc. 1 at 5; doc. 12 at 2; doc. 33). As relevant to this case, a "violent felony" is "any crime punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(A)(B)(i). "Physical force" means "(1) an act that is physical, meaning that it must be exerted by and through concrete bodies, not intellectual or emotional force and (2) a physical act that is directly or indirectly capable of causing physical pain and injury." *United States v. Sanchez*, 940 F.3d 526, 530 (11th Cir. 2019) (quotation marks omitted). Mr. Spradley argues that felony murder under Alabama law does not categorically involve the use, attempted use, or threatened use of physical force. (Doc. 1 at 5; doc. 12 at 2; doc. 13 at 3).

On review of this ground, the court concludes that it appears likely to be meritorious. Under § 2255, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "[S]ection 2255 mandates a hearing whenever the files and records do not make manifest the invalidity of the claim, including those cases in which the files and records conclusively show that the prisoner is entitled to full relief as a matter of law." *Sosa v. United States*, 550 F.2d 244, 250 (5th Cir. 1977).[4] Accordingly, the court **WILL SET** this case for a hearing on Ground Three.

At the hearing, the parties should be prepared to present argument about whether Alabama's felony murder statute is divisible, including any relevant Alabama caselaw about the divisibility of the statute, and, if the statute is not divisible, whether trial counsel provided ineffective assistance. This requirement does not limit the parties from presenting any other relevant argument about this ground that may be helpful to the court.

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

### 3.  Ground Four

In Ground Four, Mr. Spradley asserts that appellate counsel was ineffective for failing "to present a reviewable claim" on appeal and for lying about filing a reply brief. (Doc. 1 at 6). He argues that, by failing to file a reply brief, appellate counsel conceded the appeal and abandoned his client. (Doc. 12 at 2).

Again, this claim is too conclusory to warrant relief. With respect to appellate counsel's failure to present "a reviewable claim," Mr. Spradley does not specify what "reviewable claim" appellate counsel should have raised or how that hypothetical claim would have prevailed. *See Wilson*, 962 F.2d at 998; *cf. Winthrop-Redin*, 767 F.3d at 1216. Absent that information, the court cannot grant relief under § 2255.

Mr. Spradley's other argument is that appellate counsel abandoned him by failing to file a reply brief, denying him the assistance of counsel during a critical stage of the criminal proceeding. (Doc. 12 at 2). This assertion appears to stem from the rule that "a trial is unfair if the accused is denied counsel at a critical stage of his trial." *United States v. Cronic*, 466 U.S. 659 (1984). But that rule applies "only to a very narrow spectrum of cases where the defendant was in effect denied any meaningful assistance at all." *United States v. Roy*, 855 F.3d 1133, 1144 (11th Cir. 2017) (en banc) (quotation marks omitted). Failure to file a reply brief is not a complete lack of meaningful assistance, nor does it rise to the level of abandoning a

client. Accordingly, Mr. Spradley has not shown entitlement to relied based on Ground Four.

## III.   CONCLUSION

The court **DENIES** Mr. Spradley's *pro se* motions to admit an unpublished Sixth Circuit decision and to supplement the § 2255 motion with additional argument. The court also **DENIES** Mr. Spradley's § 2255 motion with respect to Grounds One, Two, and Four. However, the court has determined that it must hold an evidentiary hearing on Ground Three. Accordingly, the court **SETS** a hearing for **November 21, 2023, 9:30 AM**, Courtroom 6B, Hugo L Black US Courthouse, Birmingham, AL before Judge Annemarie Carney Axon. The parties should be prepared to present argument about whether Alabama's felony murder statute is divisible, including any relevant Alabama caselaw about the divisibility of the statute, and, if the statute is not divisible, whether trial counsel provided ineffective assistance. This requirement does not limit the parties from presenting any other relevant argument about this ground that may be helpful to the court.

**DONE** and **ORDERED** this September 19, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE